IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PROGRESSIVE NORTHERN INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDY ORRISON, ADONYS MEDINA, ADO XPRESS, LLC, RICHARD PAEZ, and OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY,**<br><br>Defendants. | Case No. CIV-22-221-GLJ |

**OPINION AND ORDER GRANTING
MOVANT SPEEDY DELIVERY, LLC'S
MOTION TO INTERVENE**

This matter comes before the Court pursuant to movant Speedy Delivery, LLC's Unopposed Motion to Intervene [Docket No. 38]. On August 9, 2022, Plaintiff Progressive Northern Insurance Company originally filed this declaratory judgment action arising out of an automobile collision that occurred on October 15, 2020. *See* Docket Nos. 1-2. Speedy Delivery, LLC ("Speedy Delivery") has now moved to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively, for permissive intervention pursuant to Fed. R. Civ. P. 24(b). The Court notes that Speedy Delivery has indicated that the parties[1] do not object to this motion. For the reasons set forth below, the Court finds that

---

[1] The Court Clerk made an Entry of Default as to three of the Defendants in this case. *See* Docket No. 23. The Court presumes the lack of objections stem from the non-defaulting parties in this case and that the defaulting parties have not weighed in on this motion.

Speedy Delivery, LLC's Unopposed Motion to Intervene [Docket No. 38] should be GRANTED and Speedy Delivery should be granted leave to intervene as of right.

Federal Rule of Civil Procedure 24(a)(2) states that, "[o]n timely motion, the court must permit anyone to intervene who:  [2] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  "Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane County, Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (*citing Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)).  The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1164 (citation omitted).

Timeliness is determined based on the totality of the circumstances.  *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010).  The Court looks to "three factors as particularly important: [ (1) ] the length of time since the [movant] knew of [its] interests in the case; [ (2) ] prejudice to the existing parties; [and (3) ] prejudice to the [movant]." *Id*.  Here, Speedy Delivery's motion is timely, as the Unopposed Motion to Intervene was filed prior to this Court's entry of a Scheduling Order in this case, and there is no prejudice to the existing parties by the joinder while Speedy Delivery alleges significant prejudice if intervention is denied.

Additionally, Speedy Delivery has established that it has a legal interest relating to this litigation that could be potentially impaired, as it may be a beneficiary and/or intended insured to the benefits under Progressive's policy, and/or may be an additional insured under the policy. "We apply practical judgment when determining whether the strength of the interest and the potential risk of injury to that interest justify intervention," and this is "a minimal burden." *Kane County*, 928 F.3d at 891 (citation omitted). Here, Speedy Delivery meets the minimal burden required.

Finally, the existing parties do not adequately represent Speedy Delivery's interests. "This burden is minimal, and it is enough to show that the representation *may be* inadequate." *Kane County*, 928 F.3d 877, 892 (10th Cir. 2019) (quotations omitted) (emphasis added). Indeed, "the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants[.]" *Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Commission*, 578 F.2d 1341, 1346 (10th Cir. 1978).

Accordingly, this Court finds that Speedy Delivery, LLC has a right to intervene herein as a party Plaintiff pursuant to Fed. R. Civ. P. 24(a)(2). Movant Speedy Delivery, LLC's Unopposed Motion to Intervene [Docket No. 38] is hereby GRANTED. Speedy Delivery is furthermore hereby directed to file its Complaint in Intervention forthwith.

IT IS SO ORDERED this 12th day of May, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**