## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

PROGRESSIVE NORTHERN            )
INSURANCE COMPANY,              )
                                )
     **Plaintiff,**              )
                                )
     **v.**                      )     **Case No. CIV-22-221-GLJ**
                                )
ADONYS MEDINA,                  )
ADO XPRESS, LLC, and            )
RICARDO PAEZ                    )
                                )
     **Defendants.**             )

## OPINION AND ORDER

Plaintiff Progressive Northern Insurance Company filed this action on August 9, 2022, bringing claims against Judy Orrison, Adonys Medina, ADO Xpress, LLC ("ADO"), Ricardo Paez, and EAN Holdings, LLC. [Docket Nos. 1-2]. Defendants ADO Xpress and Adonys Medina were served on August 17, 2022, and Defendant Ricardo Paez was served on September 3, 2022. [Docket Nos. 12-15]. Defendants ADO, Medina, and Paez did not file a responsive pleading to the Complaint within the time limits prescribed by Fed. R. Civ. P. 12. Plaintiff subsequently filed a Motion for Entry of Default by the Clerk, which was granted on December 5, 2022. [Docket Nos. 22-23]. On January 30, 2023, Plaintiff filed an Amended Complaint in which Oklahoma Farm Bureau Mutual Insurance Company was added as a Defendant. [Docket No. 32].[1] Service of the Amended Complaint was not

---

[1] Defendants EAN Holdings, Oklahoma Farm Bureau Mutual Insurance Company, Judy Orrison, and Speedy Delivery, LLC, were dismissed from this action on January 19, 2023; December 13,

perfected upon Defendants Adonys Medina, ADO Xpress, LLC, and Ricardo Paez. On January 15th, 2024, Plaintiff filed a Second Motion for Entry of Default by the Clerk [Docket No. 66] and Plaintiff's Motion for Entry of Default Judgment as to Defendants, Adonys Medina, ADO Xpress, LLC, and Ricardo Paez [Docket No. 67]. Both of these motions were denied. [Docket Nos. 69-70]. Before the Court now is Plaintiff's Motion for Extension of Time to Serve Amended Complaint Upon Defendants [Docket No. 72]. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## Review

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." However, "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). "District courts have found that changes to a pleading constitute a 'new claim for relief' when a new party is joined, the demand for judgment is altered, the amount of damages sought is increased, new facts are incorporated, *or* the party seeks new declarations and injunctions." *Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, 2023 WL 356238, at *4 (D. Utah Jan 23, 2023) (emphasis added).

---

2023; December 21, 2023; and January 10, 2024, respectively. Consequently, the only remaining Defendants are Adonys Medina; ADO Xpress, LLC; and Ricardo Paez.

Plaintiff was required to serve Defendants Medina, ADO, and Paez within 90 days of filing the First Amended Complaint and did not do so. Plaintiff contends good cause exists for this failure because its interpretation of Fed. R. Civ. P. 5(a)(2) was that additional service was unnecessary because the amended complaint did not constitute a new claim for relief. [Docket No. 69]. "The 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (citing *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)). Generally, a mistake of counsel or ignorance of the rules is generally insufficient to show good cause. *Id.* Here, Plaintiff's counsel made a deliberate choice to not attempt service following the filing of the Amended Complaint, despite case law suggesting that attempting service again might be required. Additionally, Plaintiff acknowledges the Tenth Circuit has not provided guidance in this area and law and varying opinions exist in the Tenth Circuit on this issue. The Court finds Plaintiff's decision here to decline attempting service on these Defendants following the filing of the Amended Complaint is insufficient to show good cause because it was based on the interpretation of an area of law which he admits has not been resolved by the Tenth Circuit and which this Court specifically disavowed.

Where Plaintiff fails to show good cause, the Court has the discretion to grant a permissive extension of time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has identified several factors to guide district courts in determining whether to grant a permissive extension: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon

the United States"; and (iii) "protect[ing] *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8. Additionally, an extension may be appropriate where the defendant has not been prejudiced. *See Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007). Upon review of the record and in light of Plaintiff's explanation for its incorrect but understandable interpretation of what constitutes "a new claim for relief" under Fed. R. Civ. P. 5(a)(2), the Court finds an extension would not prejudice these three Defendants and therefore a permissive extension should be granted in this case.

**Conclusion**

Accordingly, Plaintiff's Motion for Extension of Time to Serve Amended Complaint Upon Defendants [Docket No. 72] is GRANTED. Plaintiff has 90 days from the date of this order, or until May 30, 2024, to serve Adonys Medina, ADO Xpress, LLC, and Ricardo Paez.

**DATED** this 1st day of March, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**